IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA WASHINGTON, | No. C 06-5692 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND** |
| v. | |
| ALAMEDA COUNTY SOCIAL SERVICES, et al., | |
| Defendants. / | |

Numerous defendants have filed motions to dismiss. Plaintiff has not filed an opposition, nor has plaintiff requested an extension of time to do so. The hearing on defendants' motions is scheduled for May 11, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. As set forth below, the Court GRANTS defendants' motions, and GRANTS plaintiff leave to amend the complaint. If plaintiff wishes to amend the complaint, she must do so in accordance with the guidelines contained in this order. **Any amended complaint must be filed no later than May 21, 2007. If an amended complaint is not filed by May 21, 2007, this action will be dismissed without leave to amend.**

**The Case Management Conference now set for May 25, 2007 is continued to July 13, 2007 at 2:00 p.m.**

**BACKGROUND**

On September 18, 2006, pro se plaintiff Lisa Washington filed a 67 page complaint against at

least 33 defendants.[1] Plaintiff's claims arise from a series of state court hearings between June 2002 and November 2004. Defendants are Alameda County agencies and employees, judges, attorneys, and numerous other private agencies and individuals who were somehow involved with the state court proceedings.

Plaintiff's complaint states that she is African-American, and a Jehovah's witness. Plaintiff alleges that defendants conspired to "kidnap" her son, and that defendants were motivated by religious and racial discrimination. Although plaintiff's allegations are somewhat difficult to discern, it appears that on March 11, 2002, plaintiff had a physical altercation with her son. Complaint at 17. On March 13, 2002, defendant Alameda County Social Services filed a dependency petition under California Welfare & Institutions Code § 300, alleging that plaintiff had physically abused her son. *Id*. Plaintiff's ex-husband was eventually awarded custody of plaintiff's son. The complaint also appears to challenge the setting of child support payments, and alleges that various attorneys who represented plaintiff provided ineffective assistance of counsel.

This is plaintiff's second federal lawsuit arising out of these facts. Plaintiff filed a lawsuit against many of the same defendants in November 2004, *Washington v. Alameda County Social Services et al.*, C 04-4939 SI.[2] In an order filed February 12, 2005, this Court dismissed the complaint with leave to amend. In that order, the Court instructed plaintiff that if she wished to file an amended complaint, she must comply with Federal Rule of Civil Procedure 8(a) and provide a short, clear statement of plaintiff's claims against each defendant. The February 12, 2005 order also informed plaintiff that the judicial defendants were immune from suit because plaintiff had not alleged any acts by these defendants that fell within the two limited exceptions to the doctrine of judicial immunity. The Order also advised plaintiff that if she sought review in this Court of the final determinations of a state family court, such claims were barred by the *Rooker-Feldman* doctrine. Finally, the Court informed plaintiff

---

[1] It is difficult to determine exactly how many defendants plaintiff has sued, or intended to sue, because the complaint contains factual allegations against a number of individuals who are not named in the caption.

[2] Indeed, it appears that plaintiff has recycled large portions of her 2004 complaint when preparing the 2006 complaint; beginning on page 19 of the 2006 complaint, plaintiff has crossed out the original page numbers from the 2004 complaint and inserted new page numbers.

2

that the State of California was immune from suit under the Eleventh Amendment. Plaintiff never filed an amended complaint in response to the Court's February 2005 order, and accordingly on March 24, 2005, the Court dismissed the action without prejudice.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer,* 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**I.     Immunity**

    **A.     Eleventh Amendment**

3

The State of California and the two judicial defendants,[3] Judge Winifred Smith and Commissioner Sue Alexander, have filed a motion to dismiss on immunity grounds. In the prior action, plaintiff sued the State of California and these same two judicial defendants. As the Court previously informed plaintiff, the State of California is immune from suit under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69-71 (1989). Accordingly, the Court GRANTS defendant's motion and DISMISSES the State of California. <u>Plaintiff cannot name the State of California in any amended complaint</u>.

### B. Judicial immunity

Similarly, the Court previously informed plaintiff that judges are "not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). The two limited exceptions to this rule are where the judicial officer did not perform a judicial act, or where the officer acts in the "clear absence of all jurisdiction." *Id*. at 357.

Here, the complaint does not allege that any judicial defendant engaged in an act that was not judicial in nature; indeed, the complaint repeatedly challenges numerous judicial acts such as court orders or the manner in which hearings were conducted. Although the complaint alleges that the judicial defendants "acted in clear absence of jurisdiction," the complaint then proceeds to challenge numerous judicial acts. Accordingly, the Court finds that neither limited exception to judicial immunity applies, and DISMISSES the judicial defendants. <u>Plaintiff cannot name any judicial defendant in any amended complaint</u>.

### C. Witness immunity

It appears that some of plaintiff's § 1983 claims allege that various defendants committed perjury when they testified in the state court proceedings. The Ninth Circuit has held that a witness has absolute

---

[3] Although the complaint's caption only lists Judge Smith and Commissioner Alexander, several counts of the complaint name the following additional judicial defendants: Judge Brenda F. Harbin Forte, Judge Harry R. Sheppard, and Justices "P. Kay," "Reardon," and "Sepulveda." All of these judicial defendants were named in plaintiff's original lawsuit.

4

immunity from liability for civil damages under § 1983 for conspiring to present perjured testimony at trial. *See Franklin v. Terr*, 201 F.3d 1098, 1099 (9th Cir. 2000). Accordingly, the Court DISMISSES plaintiff's § 1983 claims against any defendant based upon that defendant allegedly providing perjured testimony, or conspiring to provide perjured testimony. <u>Plaintiff may not reallege such claims in any amended complaint.</u>

## II.     *Rooker-Feldman* doctrine and the domestic relations exception

As the Court previously informed plaintiff, the *Rooker-Feldman* doctrine bars federal courts from reviewing allegedly erroneous state court decisions.[4] The Ninth Circuit recently explained,

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction.

*Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). Here, although plaintiff generally alleges a "conspiracy" on the part of all defendants to deprive her of custody of her son, it is difficult to determine whether plaintiff actually alleges an "illegal act or omission by an adverse party," as opposed to simply challenging the state court's custody and child support decisions. If plaintiff amends the complaint, plaintiff must specifically allege the allegedly illegal acts or omissions giving rise to plaintiff's claims.

Further, federal courts generally do not adjudicate domestic relations cases, including those involving the custody of children. *See Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) (per curiam). Even if the case raises constitutional issues, abstention is proper if the case, at its core, is a child custody dispute. *See Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987). "The strong state interest in domestic relations matters, [and] the superior competence of state courts in settling family disputes because regulation and supervision of domestic relations within their borders is entrusted to the states . . . makes federal abstention in these cases appropriate." *Peterson*, 708 F.2d at 466.

Here, it appears that plaintiff is essentially seeking federal review of a state court decision denying her custody of her son. <u>Plaintiff is advised that upon the Court's review of any amended</u>

---

[4] The doctrine takes its name from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

5

complaint, to the extent plaintiff is challenging the state court custody order, or any child support orders, the Court will dismiss this case.

### III.  Statute of limitations

Numerous defendants have moved to dismiss plaintiff's claims under 42 U.S.C. §§ 1983 and 1985 as untimely. Claims in California under these statutes are governed by California's statute of limitations for personal injury actions. *See Taylor v. Regents of Univ. of California*, 993 F.2d 710, 711 (9th Cir. 1993). California Code of Civil Procedure § 335.1 governs personal injury actions and provides a two year statute of limitations. Plaintiff filed this complaint on September 18, 2006. Accordingly, any claims arising from events prior to September 18, 2004 are untimely, and plaintiff may not re-allege these claims in an amended complaint.

Plaintiff also alleges several claims under 42 U.S.C. § 1986; that statute expressly contains a one year statute of limitations. Accordingly, any claims arising from events prior to September 18, 2005 are untimely and may not be re-alleged in any amended § 1986 claims.

### IV.  42 U.S.C. §§ 1983 and 1985 claims against private entities and individuals

Plaintiff has sued numerous private entities and individuals, some of whom appear to be only tenuously connected to the state court proceedings described in the complaint. A plaintiff asserting a claim under 42 U.S.C. § 1983 must show that (1) "the conduct complained of was committed by a person acting under color of state law" and that (2) "this conduct deprived the claimant of a constitutional right." *Rinker v. County of Napa*, 831 F.2d 829, 831 (9th Cir. 1987).

A Section 1983 action may lie against private parties only if they are "willful participant[s] in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). If plaintiff intends to pursue a § 1983 claim against any defendant, the amended complaint must specify whether the defendant is a state actor or private party, and, for the private parties, plaintiff must allege *specific* facts showing that the private parties were "willful participants in joint action with the State or its agents." *Id*.; *see also generally id*. at 27-29 (discussing private party liability under § 1983). In addition, as stated above, plaintiff may only allege a § 1983 claim for acts that occurred on or after September 18,

6

2004.

Plaintiff has also alleged claims under 42 U.S.C. § 1985 against numerous private individuals. Although plaintiff alleges that these individuals conspired against her and "acted under color of state law," the complaint does not allege specific facts showing that the private parties were in fact acting in concert with the State or its agents. As with plaintiff's § 1983 claim, if plaintiff intends to pursue a § 1985 claim, she must plead specific facts, occurring on or after September 18, 2004, showing that the private individuals were acting jointly with the State. *See also United Bd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 832 (1983) (§ 1985(3) claim based on deprivation of Fourteenth Amendment rights requires proof of State involvement or action because Fourteenth Amendment "protects the individual against state action, not against wrongs done by individuals.") (internal citations and quotations omitted).

## V.    18 U.S.C. § 1623(a)

Plaintiff alleges a claim under 18 U.S.C. § 1623(a). That statute establishes criminal liability for false declarations before a grand jury or a court, and does not create a basis for civil liability. Accordingly, the Court DISMISSES plaintiff's claim under 18 U.S.C. § 1623(a) without leave to amend. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir.1994) (dismissing claims brought under federal criminal statute because it did not provide private cause of action). Plaintiff may not include a claim under this statute in any amended complaint.

## VI.    18 U.S.C. § 1962

Plaintiff alleges that various defendants were "acting as a collective enterprise to conspire to violate section 1962(d) Civil Rico." Complaint at 15. Plaintiff alleges that defendants conspired to "kidnap" her son, and to defraud the State of California by billing the State for attorney's fees and services that were not rendered. *Id*.

There are numerous problems with plaintiff's civil RICO claim. "To state a civil RICO claim, plaintiffs must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiff's "business or property." *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir.

7

2001).  Plaintiff does not allege that there was an enterprise.  As the Ninth Circuit has recently held, to meet the "enterprise" element of a RICO claim, a plaintiff must allege facts which will demonstrate (1) that defendants have "associated for a common purpose of engaging in a course of conduct"; (2) that there is an "ongoing organization either formal or informal" which "is a vehicle for the commission of two or more predicate crimes"; and (3) "that the various units function as a continuing unit," meaning that the "associates' behavior was ongoing rather than isolated activity."  *Odom v. Microsoft Corp.*, ___ F.3d ___, 2007 WL 1297249, at *11 (9th Cir. May 4, 2007) (en banc) (internal citations and quotations omitted).  Further, plaintiff has not alleged a pattern of racketeering activity, or injury in the form of concrete financial loss.  *See Oscar v. University Students Co-op Ass'n*, 965 F.2d 783, 785 (9th Cir. 1992) (holding civil RICO claim "requires proof of concrete financial loss"; personal injuries are not compensable).

Plaintiff is given leave to amend by May 21, 2007.  She is advised, however, that she is required to plead facts to establish the various elements of her claims; it is not sufficient merely to repeat the language of the elements of the claim.

## CONCLUSION

For the foregoing reasons and good cause shown, the Court hereby GRANTS defendants' motions to dismiss, and GRANTS plaintiff leave to amend in accordance with the guidelines set forth above.  (Docket Nos. 38, 40, 42, 48, 51, 55, & 57).  **If plaintiff wishes to file an amended complaint, she must do so no later than May 21, 2007.  If an amended complaint is not filed by May 21, 2007, this action will be dismissed without leave to amend.**

**The Case Management Conference now set for May 25, 2007 is continued to July 13, 2007 at 2:00 p.m.**

**IT IS SO ORDERED.**

Dated:  May 9, 2007

SUSAN ILLSTON
United States District Judge

8