IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA WASHINGTON, | No. C 06-5692 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND** |
| v. | |
| ALAMEDA COUNTY SOCIAL SERVICES, et al., | |
| Defendants.  / | |

On August 17, 2007, the Court held a hearing on defendants' motions to dismiss the amended complaint. Plaintiff did not file an opposition. Plaintiff appeared on her own behalf. As set forth below, the Court GRANTS defendants' motions without leave to amend the complaint.

**BACKGROUND**

On September 18, 2006, pro se plaintiff Lisa Washington filed a 67 page complaint against at least 33 defendants. As set forth in that complaint, plaintiff's claims arose from a series of state court hearings between June 2002 and November 2004. Plaintiff named as defendants a number of Alameda County agencies and employees, judges, attorneys, and other private agencies and individuals who were somehow involved with the state court proceedings. Plaintiff's complaint stated that she is African-American, and a Jehovah's witness. Plaintiff alleged that defendants conspired to "kidnap" her son, and that defendants were motivated by religious and racial discrimination. According to that complaint, on March 11, 2002, plaintiff had a physical altercation with her son. Complaint at 17. On March 13, 2002, defendant Alameda County Social Services filed a dependency petition under California Welfare &

Institutions Code § 300, alleging that plaintiff had physically abused her son. *Id*. Plaintiff's ex-husband was eventually awarded custody of plaintiff's son. The complaint also appeared to challenge the setting of child support payments, and alleged that various attorneys who represented plaintiff provided ineffective assistance of counsel.

Numerous defendants moved to dismiss the September 18, 2006 complaint. Plaintiff did not file an opposition to the motions, and by order filed May 9, 2007, the Court granted defendants' motions and granted plaintiff leave to amend. The Court's May 9, 2007 order noted that this is plaintiff's second federal lawsuit arising out of these facts. Plaintiff previously filed a lawsuit against many of the same defendants in November 2004, *Washington v. Alameda County Social Services et al.*, C 04-4939 SI; that action was dismissed without prejudice after plaintiff failed to amend her complaint in response to a Court order.[1]

Relevant to the instant motions, the Court's May 9, 2007 order directed plaintiff that if she wished to amend the complaint, she must comply with the following instructions and guidance: (1) plaintiff could not name the State of California or any judicial defendants due to immunity; (2) to the extent plaintiff is challenging the state court custody order, or any child support orders, the Court lacks jurisdiction under the *Rooker-Feldman* doctrine; (3) any 42 U.S.C. § 1983 and § 1985 claims arising from events prior to September 18, 2004 are untimely; (4) any 42 U.S.C. § 1986 claims arising from events prior to September 18, 2005 are untimely; (5) any §§ 1983, 1985 and 1986 claims against private entities and individuals must be based on specific factual allegations showing that the private parties were "willful participants in joint action with the State or its agents"; and (6) plaintiff cannot bring a claim under 18 U.S.C. § 1623(a) because that criminal statute does not create a basis for civil liability.

---

[1] In an order filed February 12, 2005, this Court dismissed the 04-4939 complaint with leave to amend. In that order, the Court instructed plaintiff that if she wished to file an amended complaint, she must comply with Federal Rule of Civil Procedure 8(a) and provide a short, clear statement of plaintiff's claims against each defendant. The February 12, 2005 order also informed plaintiff that the judicial defendants were immune from suit because plaintiff had not alleged any acts by these defendants that fell within the two limited exceptions to the doctrine of judicial immunity. The Order also advised plaintiff that if she sought review in this Court of the final determinations of a state family court, such claims were barred by the *Rooker-Feldman* doctrine. Finally, the Court informed plaintiff that the State of California was immune from suit under the Eleventh Amendment. Plaintiff never filed an amended complaint in response to the Court's February 2005 order, and accordingly on March 24, 2005, the Court dismissed the action without prejudice.

On May 21, 2007, plaintiff filed a first amended complaint against many of the same defendants named in the original complaint. Numerous defendants have moved to dismiss the first amended complaint.[2]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer,* 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

Plaintiff's first amended complaint suffers from many of the deficiencies discussed in the May 9, 2007 order. Plaintiff has again named the State of California and state court judges and commissioners as defendants, and has re-alleged a claim under 18 U.S.C. § 1623. In addition, it is unclear why a number of defendants are named in the complaint, as the amended complaint contains

---

[2] Defendants state that plaintiff failed to serve them with the first amended complaint, and that they obtained a copy of the complaint from the Clerk of the Court.

specific factual allegations against only a few of the many defendants listed in the caption.

However, the fundamental problem with plaintiff's amended complaint is that it fails to allege facts showing that the claims are not barred by the *Rooker-Feldman* doctrine or the statute of limitations. The first amended complaint challenges numerous events from 2002-2004 related to plaintiff's child custody proceedings. As the Court has repeatedly informed plaintiff, the *Rooker-Feldman* doctrine bars federal courts from reviewing allegedly erroneous state court decisions. *See Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). Further, federal courts generally do not adjudicate domestic relations cases, including those involving the custody of children. *See Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) (per curiam); *see also Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987). Finally, the only facts mentioned in the amended complaint occurring after September 18, 2004 relate either to plaintiff's federal lawsuits,[3] or to an order allegedly issued by an immune state judicial defendant in 2006.

Accordingly, for all of the reasons set forth in the Court's prior orders and this order, the Court finds that plaintiff has failed to state any cognizable claims over which this Court has jurisdiction. The Court finds that further leave to amend would be futile, and thus the Court GRANTS defendants' motions to dismiss without leave to amend. (Docket Nos. 66, 67, 69, & 72). As the Court informed plaintiff at the hearing, plaintiff is cautioned that filing any further lawsuits against these defendants regarding the child custody matters may subject plaintiff to sanctions.

**IT IS SO ORDERED.**

Dated: August 17, 2007

SUSAN ILLSTON
United States District Judge

---

[3] Although plaintiff mentions the federal lawsuits in the first amended complaint, plaintiff does not appear to assert any claims arising out of the federal cases. Even if plaintiff intended to assert claims based on this lawsuit or the earlier case, C 04-4939, such claims would be patently without merit.

4